

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00410-CV

---

IN THE MATTER OF I.V.

---

On Appeal from the County Court at Law No. 2
Hays County, Texas
Trial Court No. 5523, Honorable Christopher P. Johnson, Presiding

---

March 13, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, I.V., appeals from the trial court's *Dispositional Order of Transfer to the Institutional Division of the Texas Department of Criminal Justice*.[1]  Appellant's brief was originally due January 11, 2024, but we granted Appellant's counsel two extensions to file a brief due to her caseload.  By letter of February 14, 2024, we admonished counsel that failure to file a brief by February 22 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice.  On March 1, 2024, Appellant's counsel filed a third motion requesting an extension to March 4, again,

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

due to caseload. To date, however, counsel has not filed a brief or had any further communication with this Court.

Accordingly, we deem Appellant's motion for extension moot since the period requested lapsed without a brief being filed, abate this appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(a)(2); *In re X.M.*, No. 07-19-00046-CV, 2019 Tex. App. LEXIS 5301, at *2 (Tex. App.—Amarillo June 25, 2019, order) (per curiam) (remanding juvenile delinquency case for appointment of new counsel where appellant's counsel failed to timely file an appellate brief). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on Appellant's behalf;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 10, 2024. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new

counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before March 21, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam